No. 22,957.

THE INTERNATIONAL HARVESTER COMPANY OF AMERICA, *Appellee*, v. TIM FORAN, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE—*Tractor Engine with Warranty—Breach of Warranty—Failure of Purchaser to Return Property as Per Terms of Warranty—No Rescission of Contract.* The evidence adduced in defense to an action on promissory notes given as part of the purchase price of a tractor engine, and the written order, warranty and agreement pertaining thereto which provided that if the tractor engine did not work well it should be immediately returned to the dealer and the price paid should be refunded and that a failure to return the tractor engine should be deemed an acceptance of it and fulfillment of the warranty, considered, and *held* that a conditional offer to return the tractor was not sufficient to relieve the purchaser from payment.

2. SAME—*Authority of Agent to Modify Contract.* Where a written contract provides that no agent shall have power to change its terms, such provision is binding, where there was no evidence that the person who assumed to change its terms had authority to waive or alter them.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed February 12, 1921. Affirmed.

*C. L. Kagey, Omer D. Smith, R. L. Hamilton,* all of Beloit, and *M. J. Healy,* of Lincoln, for the appellant.

*Z. C. Millikin,* of Salina, and *John J. McCurdy,* of Lincoln, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on certain promissory notes given by a Lincoln county farmer in payment for a tractor engine.

In the transaction there was a written order signed by defendant in which it was provided that the tractor engine was purchased for $700, the plaintiff to take an older engine at $150 as part payment, and defendant to give the notes sued on for the balance of the purchase price. The order stipulated that the company was to furnish one man "to start the engine and see engine is running in good shape and satisfactory." On the back of the foregoing order was a warranty and agreement in which it was stipulated—

"If upon one day's trial, with proper care, the engine fails to work well, the purchaser shall immediately give written notice to International Harvester Company of America, at Chicago, Illinois, and to the dealer from whom it was received, stating wherein the engine fails, shall allow a reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the engine cannot then be made to work well, the purchaser shall immediately return it to said dealer, and the price paid shall be refunded, which shall constitute a settlement in full of the transaction. Use of the engine after three days, or failure to give written notice to said company and said dealer, or failure to return the engine as above specified, shall operate as an acceptance of it and fulfillment of this warranty. No agent has power to change the contract of warranty in any respect. This express warranty excludes all implied warranties."

Defendant admitted the execution of the notes and that he signed the written order; but alleged that the tractor engine had never worked satisfactorily; that plaintiff had repeatedly sent mechanics to fix it but they all failed to make it work as it should; and that—

"This defendant has time and time again offered to return said tractor to plaintiff, and has asked for the return of his notes, but the plaintiff has wrongfully neglected and refused to return defendant his notes or to accept said tractor from defendant."

Harvester Co. v. Foran.

At the trial, the burden being on the defendant, he presented his evidence, and at its conclusion a demurrer thereto was sustained, and defendant appeals.

The last of the expert mechanics sent to defendant's farm, in an effort to make the tractor engine work satisfactorily, was Charles Chandler, who endeavored to set it to rights but failed.

"Q. Did Chandler tell you what was wrong with the engine? A. Well, I asked him, 'Now, Chandler, I want to know what is the matter with it.' He said, 'Tim, she is no good. She won't pull that cutter.' "

Defendant did not formally notify the plaintiff, and did not return the tractor as provided in the warranty and agreement. He did, however, at various times talk to the local dealer:

"Q. Now, Mr. Foran, after Chandler was there that day did you make any statement to Mr. Achterberg [the local dealer] about this engine? What did you say to Achterberg? A. I told him she wasn't going to work, it didn't look like it was. I said, 'I am satisfied to pay the interest on the notes and let them take the other engine and take the old engine and give my notes back.' I said, 'You write to them on that statement and see what they have to say about it.' Mr. Achterberg said he would write in to the company and see what they had to say about it.

"Q. Did he later say anything to you about this proposition? A. Yes.

"Q. What was that? A. Well, he told me I needn't worry about it. 'If it is no good to you it is no good to me; so let it set there.' "

Defendant also offered to settle the matter upon conditions:

"Q. What offer, if any, did you make to Achterberg at this time? A. Well, I told him I was willing to do that, to pay the interest on them notes and let them take both engines and give me my notes back, either one. I told him I wouldn't pay for the machine."

It will thus be seen that defendant failed to take advantage of the provisions of the contract which would have freed him from its obligations. He did not notify the company that the tractor was unsatisfactory even after the company's expert had told him it was "no good." That failure standing alone might be considered as waived since plaintiff must have known that the machine was not working satisfactorily, otherwise it would not have repeatedly sent mechanics to try to fix it; but the condition that the tractor should be returned could not be waived except by the company. The contract expressly provided that no agent had power to change its terms, and defendant offered no evidence showing that the local dealer had

authority to direct that the tractor be not returned. Indeed, the local dealer in Lincoln did not sell this tractor to defendant. The sale was effected in Salina, although the local dealer was given the usual sales commission because the purchaser resided in the dealer's trade territory. Moreover, if defendant's last offer, quoted above, could be construed as an offer to return, it was conditioned upon the surrender of the notes. The contract itself provided *how* and *when* the price was to be refunded, and defendant could not free himself from his obligation by a mere conditional offer to return the property. He should have returned it.

The evidence for the defendant did not establish a defense; there was no disputed issue of fact to submit to a jury; and plaintiff's demurrer to the evidence was properly sustained.

The judgment is affirmed.